UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| Shameka Jones,<br><br>    Plaintiff,<br><br>v.<br><br>H&P Capital, Inc.<br>c/o Duane Romanello<br>1919-8 Blanding Blvd<br>Jacksonville, FL 33210,<br><br>    Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**Jury Demand Requested** |

## JURISDICTION AND VENUE

1- This court has jurisdiction pursuant to 28 U.S.C. §§1331, 1337, 1367; and 15 U.S.C. §1692k(d).

2- Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

3- Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the õDebtö).

4- Plaintiff is a resident of the State of Ohio.

5- Defendant is a corporation with its principal office in the State of Florida.

6- Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

7- Defendant regularly attempts to collects, or attempts to collect, debts owed or due another.

8- At all times relevant, Defendant owned the Debt or was retained to collect the Debt.

## FACTS COMMON TO ALL COUNTS

9- On or around February 23, 2012, Defendant telephoned Plaintiff's mother ("Mother") and left a voicemail.

10- In this voicemail, Defendant disclosed the existence, nature, and or amount of the Debt.

11- On or around February 23, 2012, Defendant telephoned Plaintiff at Plaintiff's place of employment.

12- During this communication, Plaintiff notified Defendant that she was not allowed to receive Defendant's telephone calls at her place of employment and/or that it was inconvenient for Plaintiff to receive Defendant's telephone calls at her place of employment.

13- During this communication, Plaintiff notified Defendant that she had retained an attorney to file for bankruptcy and attempted to provide Defendant with her attorney's contact information but Defendant repeatedly interrupted her.

14- During this communication, Defendant false represented to Plaintiff that Plaintiff could not include the Debt in bankruptcy.

15- During this communication, Defendant threatened to file a lawsuit against Plaintiff if the Debt was not paid.

16- During this communication, Defendant threatened to call Plaintiff every day until the Debt was paid.

17- Upon information and belief, despite having notice, Defendant telephoned Plaintiff's place of employment at least one more time.

18- Defendant caused Plaintiff anxiety and stress.

19- Defendant damaged Plaintiff.

20- Defendant violated the FDCPA.

## COUNT I

21- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

22- Defendant violated 15 USC § 1692e(2) by misrepresenting the character, amount, and/or legal status of the Debt.

## COUNT II

23- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

24- Defendant violated 15 USC § 1692e(5) by threatening to take action against Plaintiff that Defendant cannot legally take.

## COUNT III

25- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

26- Defendant violated 15 USC § 1692e(5) by threatening to take action against Plaintiff that Defendant did not intend to take.

## COUNT IV

27- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

28- Defendant violated 15 USC § 1692c(a)(1) by communicating with Plaintiff at a time or place after Plaintiff informed Defendant that such time or place was inconvenient for Plaintiff.

## COUNT V

29- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

30- Defendant violated 15 USC § 1692c(a)(3) by communicating with Plaintiff at Plaintiff's place of employment after Plaintiff notified Defendant that Plaintiff was not allowed to receive Defendant's calls at Plaintiff's place of employment.

## COUNT VI

31- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

32- Defendant violated 15 USC § 1692b(a) by disclosing the existence, nature, and/or amount of the Debt to a person other than Plaintiff.

## COUNT VII

33- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

34- Defendant violated 15 USC § 1692e(10) by using false representations and/or deceptive means to collect, or attempt to collect, the Debt.

## COUNT VIII

35- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

36- Defendant violated 15 USC § 1692f by engaging in unfair and/or unconscionable means to collect, or attempt to collect, the Debt.

## COUNT IX

37- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

38- Defendant violated 15 USC § 1692e by engaging in false, deceptive, or misleading methods to collect a debt.

## JURY DEMAND

39- Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

40- Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3);

d. Any other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Meier LLC

By: */s/ Richard J. Meier*
Richard J. Meier, Esq.
53 W. Jackson Blvd, Suite 709
Chicago, IL 60604
Tel: 312-242-1849
Fax: 312-242-1841
Richard@meierllc.com
*Attorney for Plaintiff*